# EXHIBIT A

James L Conkey, Esq.
JLC Law Offices
State bar License No: #46616
Direct Line: 949.682.7247
Direct Fax: 800,707.1217
3991 MacArthur Blvd, Suite 400
Newport Beach, CA 92660
*Attorney for Plaintiff*

FILED
SEP 16 2015
JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: R. Smith, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MARIN

JEAN FRANKEN
Plaintiff,

vs.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION; MTC FINANCIAL dba TRUSTEE CORPS., As Foreclosing Trustee
Defendants

Case No.: CV 1503409

PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE § 2932.5

LIMITED JURISDICTION
Amount is less than $25,000.00

BY FAX

PLAINTIFF'S COMPLAINT

Plaintiff Jean Franken, (hereinafter referred as "Plaintiff"), by and through undersigned counsel, and per a Notice of Default ("NOD") and Notice of Trustee sale ("NOTS") filed by Defendants on Plaintiff's sister, Nancy Garrett, herein alleges causes of action for violation of California Civil Code § 2932.5, §2923.6, §2924.11, and in support would state:

//

**PARTIES**

1. Plaintiff is a resident of the County of Marin, State of California and the lawful owner, by her succession in interest, of a parcel of Real Property, (hereinafter "Subject Property"), commonly known as: 603 Galerita Way, San Rafael, CA 94903.

2. The Subject Property is located in Marin County, State of California.

3. Through belief, Defendant, ("Defendant"), JP Morgan Chase Bank, National Association ("JPMORGAN"), is a corporation organized and existing under the laws of New York.

4. At all relevant times, JPMORGAN has transacted and continues to transact business throughout the State of California, including Marin County.

5. Through belief, Defendant, ("Defendant"), MTC Financial, dba Trustee Corps. ("MTC"), is a non-judicial 'foreclosure mill' organized and existing under the laws of California and is the purported foreclosing trustee on the subject property.

6. At all relevant times, MTC has transacted and continues to transact business throughout the State of California, including Marin County.

7. MTC Financial dba Trustee Corps has been sued so many times due to its unscrupulous business practices, have changed its name several times, yet still continues to operate as a 'Foreclosure Mill'

**JURISDICTION AND VENUE**

8. This Court has both personal and subject matter jurisdiction to hear this case.

9. Plaintiff is a resident of Marin County.

10. The subject property is located within the territorial limits of Marin County.

11. Furthermore, the Defendants' acts, and each of them, took place within the territorial limits of Marin County, and therefore both Venue and Jurisdiction are proper. See ¶¶ 1-7, *supra*.

FIRST CAUSE OF ACTION – VIOLATION OF CALIFORNIA CIVIL CODE §2923.5

12. Plaintiff brings this action concerning a residential non-judicial foreclosure arising out of a promissory Note and Deed of Trust ("DOT") executed on the Subject Property at issue by Plaintiff's sister Nancy Garrett.

13. Nancy Garrett passed away on April 1, 2014, while in the midst of transferring the Loan into Plaintiff's name.

14. A true and correct copy of a responsive letter sent by Defendant JPMORGAN corroborating this material fact is attached hereto.

15. Defendant JPMORGAN's letter was sent after the death of Plaintiff's sister, and after the NOD was recorded, as more particularly described *Infra*.

16. On or about May 14, 2015, more than one year after the death of the borrower, Defendant MTC, in its alleged capacity as foreclosing trustee, recorded a NOD in the Marin County recorder's office as instrument number 2015-0022995.

17. A true and correct copy is attached herewith and incorporated fully.

18. The purported document was signed by Amy Lemus, as Authorized Signatory for Trustee on May 12, 2015.

19. A Declaration of non-compliance with California Civil Code §2923.55(f) was signed on March 16, 2015 by Clement J. Durkin, on behalf of Defendant JPMORGAN.

20. A true and correct copy is attached herewith and incorporated fully.

21. In said Declaration, Durkin stated under oath that he, "...tried with due diligence but was unable to contact the borrower ..,"

22. Notwithstanding the undisputed material fact that the borrower had been deceased for more than one year at the time of the NOD recording, Defendant JPMORGAN had Plaintiff's information, and had it's

employees actually attempted to contact the successor in interest borrower, they would have had no issue whatsoever.

23. In fact, as evidenced by Defendant JPMORGAN's own letter, it had Plaintiff's contact information, name, address of record, telephone number and email address.

24. Defendant JPMORGAN did not exercise any due diligence on their part, and had they done so, Plaintiff would have easily cured the alleged arrearages as her monthly income would prove to be sufficient to satisfy the alleged debt.

25. On or about August 20, 2015, Defendant MTC, in its capacity as foreclosing trustee, allegedly recorded a NOTS in the Marin County recorder's office, however, sent to Plaintiff an unrecorded version of the document.

26. Plaintiff disputes its authenticity and whether it was ever filed.

27. A true and correct copy is attached herewith and incorporated fully.

28. The purported document was not even signed, however, had the printed name of Miguel Ochoa.

29. The document set a tentative sale date of the subject property on September 23, 2015, and will proceed unless the Trustee and Defendant JPMORGAN are not lawfully restrained.

30. A Declaration of compliance with California Civil Code §2923.55(f) was not included with the filing and alleged recording of the NOTS.

31. Plaintiff alleges that California Civil Code §2923.55(f) was not complied with, as mandated within the language of the NOTS.

32. Despite the language of the NOD and NOTS filed against Plaintiff's Subject property, none of the named Defendants used "due diligence" to contact Plaintiff.

33. Plaintiff could have been contacted with only nominal effort, and in fact was trying herself to contact Defendant JPMORGAN both before the recording of the NOD and after the recording.

34. Plaintiff was fully available to meet with Defendants to explore foreclosure options prior to the recording of the NOD and NOTS, and in fact begged Defendant JPMORGAN to allow her to transfer the loan of her deceased sister into her name.

35. California Civil Code §2923.5 requires a lender to contact the borrower in person or by phone to assess the borrower's financial situation and explore options to prevent foreclosure before the lender may file a NOD or NOTS. The lender may not record an notice of default until 30 days after the initial contact is made or 30 days after satisfying the due diligence requirements to contact the borrower.

36. In *Mabry v. Superior Court, 185 Cal. App. 4th 208, 235 (2010)*, the trial court erred when it ruled, that no private right of action existed under §2923.5, and that the Mabry's were required to tender all arrearages before enjoining a foreclosure proceeding. Six days before the rescheduled foreclosure sale date, the Mabry's filed a writ proceeding to the Court of Appeal.

37. The Court of Appeal reversed the trial court's judgment, holding that §2923.5 could be enforced by a private right of action, and that a borrower is not required to tender the full amount of mortgage indebtedness due as a prerequisite to bringing an action under §2923.5. In its examination of the relevant Civil Code sections relating to the borrower's right to be contacted by the lender prior to the recording of a notice of default, the court held that the remedy available for a lender's noncompliance with §2923.5 is the postponement of the foreclosure sale until the lender complies with the statute.

38. In the Instant case, Plaintiff has the means by which to a) tender a portion of the arrearages and b) assume the loan in its entirety.

39. If a notice of default has been recorded against a homeowner's property and the lender has not contacted them in person or by telephone to assess the borrower's financial situation and explore options to prevent foreclosure, the borrower has the right to sue the lender for violation of Civil Code §2923.5. Suit must be filed and the sale stopped before the foreclosure sale takes place. If the borrower waits until after the foreclosure sale has occurred, the sale will not be set aside by the court.

40. Currently the sale of the subject property has not yet taken place, however, is scheduled for September 23, 2015, despite the NOTS document not being recorded.

41. If California Civil Code § 2932.5 is not complied with, then there is no valid notice of default, and without a valid notice of default, a foreclosure sale cannot proceed. See *Mabry v. Superior Court, 185 Cal. App. 4th 208, 235 (2010). Skov v. U.S. Bank*, 143 Cal. Rptr. 3d 694, 700 (2012).

42. The available, existing remedy is found in the ability of a court in § 2924g, subdivision (c) (1) (A), to postpone the sale until there has been compliance with § 2923.5. *Id.*

43. The legislature intended to allow a private right of action under § 2923.5. *Id.* at 701.

44. The means of enforcing § 2932.5 are to postpone the foreclosure proceeding until the provisions of § 2932.5 have been fulfilled.

45. That by virtue of the method and manner of Defendants carrying out § 2923.5 and 2924 et seq., the foreclosure of the Subject Property is void ab initio as a matter of law.

46. The foreclosure trustee's rights, powers and duties regarding the NOD and NOTS are strictly defined and limited by the deed of trust and governing statutes *Diediker v. Peelle Financial Corp., 60 Cal. App. 4th 288, 295 (1997).*

**WHEREFORE,** Plaintiffs prays for the following relief:

1. A temporary and Permanent Injunction on Defendants until the provisions set forth in Civil Code § 2932.5 are complied with;
2. Actual damages;
3. Treble damages;
4. A $2,500.00 statutory penalty;
5. Attorney fee awards

6. A recession of the NOD filed, and postponement of the non-judicial foreclosure sale currently scheduled for September 23, 2015, and;

7. For any other relief the court deems warranted.

Respectfully submitted this 15th day of September, 2015

James L Conkey, Esq.
JLC Law Offices
State bar License No: #46616
Direct Line: 949.682.7247
Direct Fax: 800.707.1217
3991 MacArthur Blvd. Suite 400
Newport Beach, CA 92660
*Attorney for Plaintiff*

Sep-22-2015 07:35 AM JP Morgan Chase 214-626-0176 2/13

09-21-'15 14:32 FROM-JLC LAW OFFICES 9496423672 T-887 P0002/0013 F-263

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION; MTC FINANCIAL dba TRUSTEE CORPS., As Foreclosing Trustee

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JEAN FRANKEN

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)




SEP 16 2015

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By R. Smith, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Marin County Superior Court
3501 Civic Center Drive, San Rafael, California 94903

CASE NUMBER:
*(Número del Caso):* CV1503409

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James L. Conkey, Esq. 3991 MacArthur Blvd, Suite 400 Newport Beach, CA 92660, (949) 682-7247

JAMES M. KIM

DATE: *(Fecha)* SEP 16 2015 Clerk, by *(Secretario)* R. SMITH, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*:

   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**MARIN COUNTY SUPERIOR COURT**
P.O. Box 4988
San Rafael, CA 94913-4988

| | |
|---|---|
| PLAINTIFF: Franken<br>vs.<br>DEFENDANT: JP Morgan et al | CASE NO. CV 1503409<br>**NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)**<br>(Pursuant to Government Code Section 68600 et seq.) |

***Pursuant to Local Rule 1.3, the plaintiff must serve a copy of this Notice of Case Management Conference, a blank Case Management Statement (Judicial Council Form CM-110), a blank Notice of Settlement of Entire Case (Judicial Council Form CM-200), and an Alternative Dispute Resolution (ADR) Informational Notice (CV006) together with the complaint on all parties.***

This case is assigned for all purposes to Judge Haakenson in Courtroom E.

1. The parties/counsel to this action shall comply with the filing and service deadlines in Local Rule 1.5 and California Rule of Court 3.110, or appear at the Order to Show Cause hearing on the dates set forth below:

   Failure to File Proof of Service 11/25/15 8:30 / 9:00 A.M.

   Failure to Answer 12/26/15 8:30 / 9:00 A.M.

2. Parties must appear for Case Management Conference on 2/3/16 8:30 / 9:00 A.M.

3. The parties must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. Counsel must discuss ADR options with their clients prior to attending the Case Management Conference and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed with the court and served on all parties at least 15 calendar days before the Case Management Conference. **(Late filing may result in the issuance of sanctions.)**

*Distribution: Original - Court File; Canary - Plaintiff*