UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEAN FRANKEN,

    Plaintiff,

    v.

JP MORGAN CHASE, N.A., et al.,

    Defendants.

Case No. 15-cv-04955-JD

**ORDER REMANDING CASE**

Re: Dkt. No. 1

Plaintiff Jean Franken originally filed this foreclosure case in Marin County Superior Court in September 2015. Franken alleges that defendants JP Morgan Chase Bank, National Association ("Chase"), and MTC Financial, dba Trustee Corps ("MTC") mishandled foreclosure on a residential property loan in violation of California Civil Code Section 2923.5. She seeks an injunction, actual damages, treble damages, a statutory penalty, attorney fees, "rescission of the NOD filed, and postponement of the non-judicial foreclosure." Dkt. No. 1-1, Exh. A at 6-7.

On October 28, 2015, Chase removed the case to this Court on diversity jurisdiction. Dkt. No. 1. Because MTC appeared to be a citizen of California, which would destroy diversity, the Court ordered Chase to show cause why this case should not be remanded, specifically requiring Chase to address "(1) defendant MTC's citizenship for diversity purposes and (2) JPMorgan Chase's burden to establish that MTC is a nominal defendant in this case." Dkt. No. 9. Chase responded to the Order to Show Cause on November 24, 2015. Dkt. No. 10. The Court now remands the case to the Superior Court of California for the County of Marin.

## DISCUSSION

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. § 1441(a). "The

1  'strong presumption against removal jurisdiction means that the defendant always has the burden
2  of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand
3  to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus
4  v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); *Iniguez v. Vantium Capital, Inc.*,
5  No. C 13-00037 WHA, 2013 WL 1208750, at *1 (N.D. Cal. Mar. 25, 2013).

6   Chase admits that MTC is a California corporation. *See* Dkt. No. 10 at 1. Still, Chase
7  argues that MTC's citizenship should be ignored because, as a trustee with "no interest" in the
8  object of the litigation, it is a "paradigmatic nominal defendant[]." Dkt. No. 1 at ¶ 10; Dkt. No. 10
9  at 2. But a trustee is not generally considered a nominal party when the "complaint contains
10  substantive allegations against" or "seeks to recover money damages from the trustee." *See
11  Osorio v. Wells Fargo Bank*, No. C 12-02645 RS, 2012 WL 2054997, at *2 (N.D. Cal. June 5,
12  2012). And Chase acknowledges that Franken has made at least one "substantive allegation"
13  against MTC. Dkt. No. 10 at 3. Given that California Civil Code § 2923.5 specifically describes
14  duties of a "trustee" and Franken's complaint specifically alleges that MTC committed a number
15  of errors in violation of this section, the Court sees no support for Chase's contention that "no
16  substantive wrongdoing" has been alleged against MTC. S*ee* Dkt. No. 10 at 3; Dkt. No. 1-1, Exh.
17  A at 3-6. Furthermore, the complaint's request for money damages is not explicitly directed only
18  at Chase. Dkt. No 1-1, Exh. A at 6. Because it does not adequately address these issues, Chase
19  has not met its burden of establishing that MTC is a "paradigmatic nominal party."

20   Chase also mistakes the effect of MTC's state court "Declaration of Nonmonetary Status."
21  *See* Dkt. No. 10 at 3; Dkt. No. 10-1, Exh. 1 (MTC declaration under Cal. Civ. Code § 2924l).
22  Although the Ninth Circuit has not spoken to the validity of such declarations, a number of courts
23  of this district have declined to accord them any weight. *See Iniguez*, 2013 WL 1208750, at *2
24  (declining to view party as nominal, despite Cal. Civ. Code § 2924l declaration, unless "the parties
25  have stipulated to non-monetary status"); *Kennedy v. PLM Lender Servs. Inc.*, No. C 10-04942
26  WHA, 2012 WL 1038632, at *6 (N.D. Cal. Mar. 27, 2012) (citing other cases taking this view);
27  *Osorio*, 2012 WL 2054997, at *2 n.2 ("a declaration of non-monetary status does not render Cal–
28  Western a nominal party if it acted improperly as a trustee"). The Court also notes that even in the

United States District Court
Northern District of California

1  state court, a Section 2924l declaration is not an irrevocable bar to litigation against a trustee, and
2  can be rescinded as litigation proceeds.  Cal. Civ. Code § 2924l(d).  Consequently, MTC's Section
3  2924l declaration does not clearly render it a nominal defendant.

4  Chase also fails to overcome the strong presumption against fraudulent joinder because it is not obvious that plaintiff could not possibly recover against MTC on its California Civil Code Section 2923.5 claim.  *See Iniguez*, 2013 WL 1208750, at *2 (emphasizing the heavy burden on defendant to prove plaintiff failed to state a cause of action, to show that plaintiff's "failure is obvious according to settled rules of the state," and to "negate every possible scenario within the ambit of a well-pled claim") (internal quotation omitted).  Section 2923.5 requires "a mortgagee, trustee, beneficiary, or authorized agent" to comply with certain procedures during the foreclosure process.  Cal. Civ. Code § 2923.5.  Franken alleges that MTC, as trustee, failed to follow these procedures prior to filing the Notice of Default.  *See* Dkt. No 1-1, Exh. A.  Specifically, MTC allegedly did not diligently attempt to contact plaintiff or attempt to meet with her to discuss alternatives to foreclosure.  *See, e.g., id*. ¶¶ 32-34.  While Chase asserts these claims turn on "facts unique to Chase" and that MTC played no role with respect to the loan, Dkt. No. 10 at 5, it does not contest that MTC had an independent duty to comply with the notice provisions of Section 2923.5.  Consequently, the Court does not find that MTC was fraudulently joined.

This matter is remanded to the Superior Court of California for Marin County.

**IT IS SO ORDERED.**

Dated: January 27, 2016

_____
JAMES DONATO
United States District Judge

3